UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHANDA CUNNINGHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: _____ |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

Defendant State Farm Lloyds files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a) and shows as follows:

### I.    INTRODUCTION

1. This is an insurance coverage and bad faith case. On February 3, 2023, Plaintiff filed an Original Petition in Cause No. 113055-422 in the 422nd Judicial District, Kaufman County, Texas, initiating a civil cause of action against Defendant. Exhibit C.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant State Farm Lloyds.

3. Plaintiff alleges multiple causes of action against Defendant related to State Farm's handling of a property insurance claim submitted by Plaintiff. Plaintiff alleges breach of contract; common law bad faith, violations of Chapters 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA. Plaintiff further alleges that Defendant's conduct was committed "knowingly" as that term is defined in the Texas Insurance Code and the Texas Deceptive Trade Practices Act.

4. State Farm received the Citation and Plaintiff's Original Petition via certified mail on Corporation Service Company on or about February 14, 2023. State Farm filed its Original Answer to Plaintiff's Original Petition on March 10, 2023. <u>Exhibit E</u>.

5. Defendant now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Dallas County state court in which this case was previously pending.

## II. GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A. Complete Diversity Exists Between the Parties.

7. According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff was and still is, domiciled in Kaufman County, Texas. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence…is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiff is a Texas citizen.

8. State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action

was commenced, and still are, all citizens of Illinois for diversity purposes. The current underwriters for State Farm Lloyds are:

- Mark Edward Schwamberger: Mr. Schwamberger is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert: Mr. Herbert is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson: Ms. Bryson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold: Mr. Arnold is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich: Mr. Heidrich is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark: Ms. Roark is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling: Ms. Sterling is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Deon Sherie Johnson: Ms. Johnson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Justin Michael Tipsord: Mr. Tipsord is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sara Gay Frankowiak: Ms. Frankowiak is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Craig Dean Isaacs: Mr. Isaacs is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain

in Illinois while an Underwriter of State Farm Lloyds.

- Michele Celeste Russo: Ms. Russo is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

Thus, for purposes of diversity of citizenship, State Farm is a citizen of Illinois, not a Texas citizen. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

9. Relying on Plaintiff's pleaded facts without any admission as to their truth, Plaintiff pleads that Plaintiff is the named insured under a State Farm homeowner's insurance policy. Exhibit C, at ¶ 7. Plaintiff pleads that Plaintiff suffered damages to Plaintiff's residential property from a "severe storm." *Id.* at ¶ 9. And Plaintiff pleads that Plaintiff submitted an insurance claim to State Farm for this alleged damage. *Id.* at ¶¶ 11.

**B.     The Amount in Controversy Exceeds $75,000.**

10. The jurisdictional amount for diversity jurisdiction is met if the amount in controversy exceeds $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). Generally, federal courts determine the amount in controversy for removal purposes by looking at the amount demanded by a plaintiff in his or her petition. *InVas Medical Devices, LLC v. Zimmer Biomet CMF and Thoracic, LLC*, 2022 WL 4538459 at *7 (N.D. Tex. Sep. 28, 2022). Given the early stage at which removal is sought, the court makes the determination "not by proof of the amount," but by "estimate of the amount that will be put at issue in the litigation," guided by the allegations in plaintiff's petition. *Id.* (quoting *Durbois v. Deutsche Bank Nat. Trust Co., as Indenture Trustee, for the Benefit of the Holders of AAMES Mortgage Investment Trust 20054 Mortgage Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022)).

11. In the event that a plaintiff does not allege a specific amount of damages, the Fifth Circuit has articulated a test by which a court may determine if the amount in controversy is met. *See White*, 319 F.3d at 675 (5th Cir. 2003). First, the court "must examine Plaintiff's complaint to determine whether it is 'facially apparent' that the plaintiff's claims exceed the jurisdictional amount." *Id.* (quoting *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). If the amount is not facially apparent, "the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id*. Substantive, non-conclusory evidence is sufficient to meet the defendant's burden of proving the amount in controversy by a preponderance of the evidence. *Id.* at 675-76; *InVas Medical Devices*, 2022 WL 4538459 at *7.

12. Removal is proper once a defendant proves by a preponderance of the evidence that the jurisdictional amount is met, unless the plaintiff can prove *with legal certainty* that plaintiff's recovery will not exceed the jurisdictional amount. *InVas Medical Devices*, 2022 WL 4538459 at *7 (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). In the present case, Plaintiff claims she is owed actual damages (trebled due to alleged "knowing" conduct), statutory interest, punitive damages, and attorney's fees. Exhibit C, ¶¶ 63, 68, 70, 72. All of these forms of damages may be considered by the court when assessing a plaintiff's potential recovery pursuant to the test above. *White*, 319 F.3d at 675 (removal proper when it was "more probable than not" that compensatory and punitive damages, *combined with attorney's fees*, would exceed $75,000).

13. The Fifth Circuit has emphasized that the test described above "is not a burden-shifting exercise." *De Aguilar*, 47 F.3d at 1412. Ultimately, the court's analysis should be made in light of the *plaintiff's* pleaded allegations, as it is always *plaintiff's* burden to state a claim and "make all information known at the time he files the complaint." *Id*. By maintaining the plaintiff's complaint as the primary source of proof of the jurisdictional amount, "plaintiff remains the master

of his complaint." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy should be determined from the plaintiff's perspective. *Schoenbauer v. Deutsche Bank Nat. Trust Co.*, 2021 WL 495881 at *2 (N.D. Tex. Jan. 26, 2021), *report and recommendation adopted by Schoenbauer v. Nat. Trust Co.*, 2021 WL 487740 (N.D. Tex. Feb. 10, 2021).

14.     In the present case, according to Plaintiff's own allegations as stated in Plaintiff's Original Petition at the time of removal, a preponderance of the evidence demonstrates that each Plaintiff's individual claim is likely to exceed $75,000. Therefore, removal is proper unless each Plaintiff can establish *with legal certainty* that his or her claim will not exceed that amount.

15.     Under the "Damages" heading in Plaintiff's Original Petition, Plaintiff pleads "monetary relief of $250,000 or less, including interest, statutory or punitive damages and penalties, and attorney fees and costs." *Id*. at ¶ 73. Plaintiff further pleads that the remaining unpaid policy benefits, investigative and/or engineering fees, interest and attorney's fees total $21,479.02. *Id*. at ¶ 27. Plaintiff also alleges that her actual damages include compensation for "mental anguish." *Id*. at ¶ 68. Plaintiff seeks actual, consequential, and treble damages as well as punitive, additional, and exemplary damages, attorney's fees, costs, and interest. *Id*. at ¶ 65-73. Under the Texas Insurance Code, treble damages may be awarded if the jury finds that a defendant's violations were committed knowingly.

16.     Furthermore, in similar cases involving State Farm and this same Plaintiff's counsel, Plaintiff's counsel has specifically sought and testified that counsel was owed attorney's fees which, taken alone, would satisfy the requisite jurisdictional amount in this case. If a plaintiff seeks the recovery of attorney's fees under a state statute, which permits such recovery, those fees are included in the calculation of the amount in controversy. *Louque v. Allstate Ins. Co.*, 314 F.3d

776, 779 (5th Cir. 2002). Plaintiff's counsel has regularly and repeatedly claimed attorneys' fees in excess of $100,000 in similar wind/hail first party insurance cases in the Dallas-Fort Worth region.

17. If Plaintiff was to recover all damages she seeks in her Petition, it is "more probable than not" that the compensatory and punitive damages, combined with attorney's fees, would exceed $75,000. *White*, 319 F.3d at 675. Therefore, consistent with Fifth Circuit precedent, the jurisdictional amount is satisfied and this Court had diversity jurisdiction over Plaintiff's claims at the time of removal. *Id*.

### III.   VENUE

18. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 422nd Judicial District, Kaufman County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

### IV.   PROCEDURAL REQUIREMENTS

19. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the State Court Action |
| C. | Plaintiff's Original Petition Filed on February 3, 2023 |
| D. | Citation Issued on State Farm and Return of Service filed with the Court on March 1, 2023 |
| E. | State Farm's Answer to Plaintiff's Original Petition Filed on March 10, 2023 |
| F. | Affidavit of Weslie Sawyer |

| EXHIBIT | DESCRIPTION |
|---|---|
| G. | List of Counsel of Record |

20. This Notice of Removal is being filed within 30 days of service of the citation and Plaintiff's Original Petition and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiffs and State Farm with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

21. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

22. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

23. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 422nd Judicial District, Kaufman County, Texas promptly after filing of same.

### V.     CONCLUSION

24. State Farm respectfully requests that the above-captioned action now pending in 422nd Judicial District, Kaufman County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully Submitted,

*/s/ Susan E. Egeland*
SUSAN E. EGELAND
ATTORNEY-IN-CHARGE
State Bar No. 24040854
susan.egeland@faegredrinker.com
MATTHEW C. SAPP
State Bar No. 24063563
matt.sapp@faegredrinker.com
RACHEL R. MCGOVERN
PA State Bar No. 330735
rachel.mcgovern@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on March 15, 2023.

*/s/ Susan E. Egeland*
SUSAN E. EGELAND